UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tatiana Leibel, | Case No. 2:23-cv-00048-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Thomas Gregory, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Florence McClure Women's Correctional Center, is proceeding in this action *pro se*, and has requested authority to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application to proceed *in forma pauperis* is complete, it grants her application.

Because Plaintiff applies to proceed *in forma pauperis*, the Court screens her complaint under 28 U.S.C. § 1915A. The Court dismisses Plaintiff's complaint because her claims are appropriately brought as a *habeas corpus* action, not under 42 U.S.C. § 1983. Because Plaintiff also includes an allegation that could potentially form the basis for a 42 U.S.C. § 1983 claim—alleging that prison officials fired her from her job because of her ethnicity—the Court dismisses her complaint with leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II. Screening the complaint.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. Plaintiff's claims are barred by Heck v. Humphrey.

Plaintiff sues prosecutor Thomas Gregory; investigator Ed Garren; public defender Kristine Brown; forensic pathologist Pietr Kubicrek; and police officer Cheron Barlee for violations of her First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (ECF No. 1-1 at 1-2). Plaintiff's claims are difficult to decipher. But her complaint appears to be attacking her underlying conviction, seeking damages and declaratory relief.

If a 42 U.S.C. § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2004) (citing *Heck*, 512 U.S. at 114). "When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*." *Wright v. Las Vegas Metro Police*, No. 3:20-cv-00558-MMD-CLB, 2020 WL 7756554, at *3 (D. Nev. Dec. 9, 2020) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); and *Simpson v. Tomas*, 528 F.3d 685, 692-93 (9th Cir. 2003)).

Although it is difficult to decipher her claims, throughout her complaint Plaintiff references false affidavits, fabricated evidence, and manipulation of the judicial process that occurred during her criminal conviction. Plaintiff is thus challenging her conviction or sentence. But it is unclear if her conviction has been invalidated. Plaintiff briefly references other cases in her complaint, but does not provide enough detail about them for the Court to determine whether her conviction was invalidated on appeal, through habeas petition, or through a similar proceeding. Plaintiff's 42 U.S.C. § 1983 claims are thus barred under *Heck v. Humphrey.*

Plaintiff does, however, include one allegation that could potentially form the basis of a 42 U.S.C. § 1983 action. She states that on October 27, 2022 at 2:00 PM, her caseworker fired her—apparently from her prison employment—because she did not have a social security card on file, even though she does. (ECF No. 1-1 at 10). Plaintiff states that she has never had a write up while incarcerated and has a good work ethic. (*Id.*). She alleges "I feel this is a 'direct attack' against me for the proceeding my criminal case appeal…" and "I feel my rights were violated due to discriminatory actions against me and my ethnicity." (*Id.*). Plaintiff also filed an affidavit which further describes her difficulties with employment at the prison. (ECF No. 4). But Plaintiff has not named any prison officials as defendants.

To the extent Plaintiff alleges that the prison or her caseworker discriminated against her because of her ethnicity, she could potentially allege a colorable Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983 against the prison officials responsible. The Fourteenth Amendment provides that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. To prevail on an equal protection claim, Plaintiff "must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class." *Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1123 (9th Cir. 2013). Plaintiff does not allege sufficient facts in her current complaint to support a Fourteenth Amendment equal protection claim. Nor does she name any prison officials as defendants. And her separately filed affidavit is not a proper complaint or amendment. The Court thus dismisses Plaintiff's complaint without prejudice because she could potentially amend her complaint to include only those allegations related to her

employment at the prison. However, Plaintiff's sole relief for her allegations regarding her underlying conviction is a *habeas corpus*—not a 42 U.S.C. § 1983—action.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Tatiana Leibel, Inmate No. 1137908**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERD** that even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **May 4, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint.

1   Local Rule 15-1(a) requires that an amended complaint be complete without reference to any
2   prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer
3   serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
4   each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**
5   **comply with this order will result in the recommended dismissal of this case.**
6       **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff
7   a copy of the Information and Instructions for Filing a Petition for Writ of Habeas Corpus
8   Pursuant to 28 U.S.C. § 2254.  This form can also be found at chrome-
9   extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-
10  content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf

12      DATED: April 4, 2023

             _____
             DANIEL J. ALBREGTS
             UNITED STATES MAGISTRATE JUDGE