UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tatiana Leibel,<br><br>               Plaintiff,<br><br>   v.<br><br>Thomas Gregory, et al.,<br><br>              Defendants. | Case No. 2:23-cv-00048-MMD-DJA<br><br>**Order** |

      Plaintiff, an inmate at the Florence McClure Women's Correctional Center, is proceeding in this action *pro se*, and has filed an amended complaint. (ECF No. 9). The Court screened Plaintiff's original complaint and dismissed it without prejudice. (ECF No. 5). The Court found that Plaintiff's claims were more appropriately brought as a *habeas corpus* action. However, it also found that Plaintiff included an allegation that could potentially form the basis for a 42 U.S.C. § 1983 claim: that prison officials fired her from her job because of her ethnicity. The Court thus gave her leave to amend. Screening Plaintiff's amended complaint, the Court finds that Plaintiff has not alleged a claim upon which relief can be granted. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**II.     Screening the complaint.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. The Court dismisses Plaintiff's complaint with leave to amend.

Plaintiff sues district judge and former prosecutor Thomas Gregory; investigator Ed Garren; public defender Kristine Brown; forensic pathologist Pietr Kubicrek; police officer and Plaintiff's daughter-in-law, Cheron Barlee; caseworker Reed; and assistant warden Hubbard-Pickett for violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (ECF No. 9). Many of Plaintiff's allegations are legal conclusions and lack specific facts. Many of Plaintiff's other allegations challenge her underlying conviction. Because the Court has already addressed and dismissed these claims, it does not address them again here. However, liberally construed, Plaintiff's complaint alleges claims for discrimination under the Fourteenth Amendment, for retaliation under the First Amendment, and for interference with familial relationship under the Fourteenth Amendment that the Court addresses below.

#### 1. Fourteenth Amendment discrimination.

Plaintiff alleges that on October 27, 2022, Reed called her into his office and told her that she would no longer be working at her job at the prison. (ECF No. 9 at 6). Plaintiff alleges that Reed's stated reason was because she did not have a social security card on file, even though she does. (*Id.*). Plaintiff asserts that she was fired in retaliation for her actions attempting to challenge her criminal case. (*Id.*). Plaintiff alleges that she also believes she was fired due to her ethnicity. (*Id.*). Plaintiff alleges that Reed and Hubbard-Pickett failed to respond appropriately to Plaintiff's written requests to remedy the situation. (*Id.*).

On February 3, 2023, Reed assigned Plaintiff to a new job consisting of heavy labor, despite her medical problems. (*Id.*). Plaintiff alleges that Reed discriminated against her based on her race by transferring Plaintiff to a lower level where mentally ill inmates are housed. (*Id.* at 7). Plaintiff alleges that Hubbard-Pickett knew of Reed's actions but failed to do anything. (*Id.*).

The Fourteenth Amendment provides that "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. To prevail on an

equal protection claim, Plaintiff "must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [her] based upon membership in a protected class." *Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1123 (9th Cir. 2013). For example, prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, conclusory allegations of discriminatory motive are insufficient; specific, non-conclusory *factual* allegations are required to state a claim that a defendant discriminated against a plaintiff because of the plaintiff's race or membership in another protected class. *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001).

Here, Plaintiff has not alleged facts that would show an equal protection violation by Defendants. As a preliminary matter, she only alleges that Reed discriminated against her. While she alleges that Hubbard-Pickett knew of Reed's discrimination and did not do anything to remedy it, her allegations regarding Hubbard-Pickett are conclusory and lack specific facts. Plaintiff does not mention how the other Defendants discriminated against her. Plaintiff's allegations against Reed also fail to demonstrate that Reed acted with the intent to discriminate against her based on her race. Plaintiff only makes conclusory allegations of Reed's discriminatory motive. The Court thus dismisses Plaintiff's Fourteenth Amendment Equal Protection Clause claim. In any amendment, Plaintiff must include specific facts about Hubbard-Pickett's actions and specific facts showing why Plaintiff believes Reed discriminated against her based on her race.

        2.     First Amendment retaliation.

Liberally construing Plaintiff's complaint, it appears that she may be alleging a First Amendment retaliation claim against Reed. In making a claim of First Amendment retaliation a prisoner must satisfy the following five elements: (1) an assertion that a state actor took some adverse action against an inmate; (2) because of; (3) that prisoner's protected conduct and that such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005); *see, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*,

31 F.3d 813, 815–16 (9th Cir. 1994).  However, Plaintiff does not provide sufficient facts to establish a claim for First Amendment retaliation.  She alleges that Reed removed her from her job and placed her in an unfavorable position because of her actions challenging her underlying conviction.  She has also alleged that Reed's actions did not advance a legitimate correctional goal because she had a good work ethic and no write ups.  However, she has not alleged that this has chilled her First Amendment rights or that Reed intended to interfere with her First Amendment rights.  *See Downing v. Graves*, No. 2:12-cv-00331-JCM-CWH, 2014 WL 2565677, at *3 (June 6, 2014) (citing *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) and explaining that the "chilling" element requires only a demonstration that the defendant intended to interfere with the plaintiff's First Amendment rights).  To the extent Plaintiff alleges a First Amendment retaliation claim, the Court dismisses it without prejudice and with leave to amend.  If Plaintiff chooses to amend her complaint, she must include facts explaining why she believes Reed intended to interfere with her First Amendment rights.

                3.        <u>Fourteenth Amendment interference with familial relationships.</u>

Plaintiff alleges that Defendants interfered with her familial relations by wrongfully incarcerating her.  (ECF No. 9 at 7-9).  She alleges that her daughter passed away while she was incarcerated.  (*Id.*).  She also alleges that Cheron Barlee mis-handled her late husband's estate.  (*Id.*).  Plaintiff asserts that, before her death, her daughter experienced homelessness as a result of Plaintiff's incarceration because the judge was biased, the investigation into her underlying conviction was limited, and Barlee mis-handled the estate.  (*Id.* at 8-9).

The Ninth Circuit has recognized that parents have Fourteenth Amendment substantive due process right to the companionship and society of their children.  *Lee v. County of Los Angeles*, No. ED-21-cv-1905-JGB-SHKx, 2018 WL 6016992, at *3 (C.D. Cal. Mar. 6, 2018) (citing *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).  Official conduct that "shocks the conscience" in depriving parents of that interest is cognizable as a violation of due process.  *Wilkinson*, 610 F.3d at 554.  Plaintiff's Fourteenth Amendment claims fail because she has not alleged sufficient facts about the official conduct that "shocks the conscience."  Additionally, Plaintiff essentially alleges that, because she was wrongfully incarcerated, Defendants interfered

with her right to a relationship with her daughter. But this is a conclusory allegation and, without more factual detail about what each Defendant did to deprive her of time with her daughter, Plaintiff's allegations are nearly indistinguishable from her claims attacking the validity of her conviction. Plaintiff's claims that Barlee mishandled Plaintiff's late husband's estate are not cognizable as interfering with familial relationships in violation of the Fourteenth Amendment. While Plaintiff alleges that Barlee's actions harmed her daughter, she does not explain how those actions harmed Plaintiff's relationship with her daughter. Nor does she explain how those actions constituted official conduct. Because Plaintiff does not state a colorable claim for interference with familial relations in violation of the Due Process Clause of the Fourteenth Amendment, the Court dismisses this claim without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 9) is **dismissed without prejudice and with leave to amend** for failure to state a claim upon which relief can be granted. Plaintiff will have until **November 9, 2023** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: October 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE