# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tatiana Leibel, | Case No. 2:23-cv-00048-MMD-DJA |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Thomas Gregory, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Florence McClure Women's Correctional Center, is proceeding in this action *pro se*, and has filed a third amended complaint. (ECF No. 15). Screening Plaintiff's third amended complaint, the Court finds that Plaintiff has not alleged a claim upon which relief can be granted. Because Plaintiff's proposed amendment would be futile and because Plaintiff has not corrected the deficiencies in her proposed amendment through previous motions to amend, the Court recommends dismissing Plaintiff's complaint without leave to amend.

**I.     Legal standard.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.    Discussion.**

Plaintiff's third amended complaint suffers from the same deficiencies as her first and second. Plaintiff sues police officer and Plaintiff's daughter-in-law, Cheron Barlee; caseworker Reed; assistant warden Hubbard-Pickett; law library supervisor Lindsay; and psychologist counsel T.L. Carillo. Plaintiff's complaint alleges claims for discrimination under the Fourteenth Amendment, for retaliation under the First Amendment, and for interference with familial relationship under the Fourteenth Amendment.

Plaintiff allegations substantially remain the same as her prior complaints. She alleges that on October 27, 2022, Reed called her into Reed's office and told Plaintiff that she would no longer be working at her job at the prison. Plaintiff alleges that Reed's stated reason was because Plaintiff did not have a social security card on file, even though she does. Plaintiff asserts that she was really fired in retaliation for her actions attempting to challenge her criminal case. Plaintiff alleges that Reed, Hubbard-Pickett, and Lindsay acted in concert and that they were influenced by Barlee. Plaintiff alleges that she was assigned to a new job that involved heavy labor, despite her medical conditions. Plaintiff alleges that she filed grievances about the firing, but prison officials took no action. Plaintiff also alleges that Barlee—in Barlee's position as executor, presumably of Plaintiff's late husband's estate—did not provide for Plaintiff's daughter, resulting in her daughter becoming homeless. Plaintiff's daughter later passed away and Plaintiff asserts that Barlee's actions are partially to blame for depriving Plaintiff of a relationship with her daughter.

In her third amended complaint, Plaintiff adds that Carillo failed to sign certain paperwork that Plaintiff required to be eligible for parole. She also claims that prison officials "hoped" that Plaintiff would fail drug tests. But Plaintiff alleges that she ultimately passed those tests.

As in her previous complaints, Plaintiff references the elements and pleading standards of the claims she is bringing, but does not, as the Court admonished in screening her second amended complaint, provide sufficient facts to support those claims. Plaintiff does not explain

how Defendants discriminated against her on the basis of her race by firing her from her law library job to support her Fourteenth Amendment discrimination claim. Plaintiff also fails to identify how her First Amendment rights were chilled by Defendant's actions regarding her job. And Plaintiff does not identify how Barlee's actions constituted official conduct, other than stating that during the hearing at which Barlee was appointed executor the judge noted that Barlee was employed as a police officer. Because Plaintiff has made three unsuccessful attempts to amend her complaint, the Court finds that further amendment would be futile and thus recommends dismissing Plaintiff's third amended complaint without leave to amend. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (explaining that futility is one of the five factors that the court considers when assessing the propriety of leave to amend).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's third amended complaint (ECF No. 15) be **dismissed without leave to amend.**

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 14, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE