UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TATIANA LEIBEL, | Case No. 2:23-cv-00048-MMD-DJA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| THOMAS GREGORY, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Tatiana Leibel, who is incarcerated at the Florence McClure Women's Correctional Center ("FMWCC"), brings this action against several FMWCC employees and an officer of the Los Angeles Police Department under 42 U.S.C. § 1983. Before the Court is United States Magistrate Judge Daniel J. Albregts' Report and Recommendation ("R&R") (ECF No. 16), recommending that the Court dismiss Leibel's third amended complaint (ECF No. 15 ("TAC")) with prejudice. Leibel timely filed an objection (ECF No. 17 ("Objection")) to the R&R. Because Leibel has failed to state claims upon which relief may be granted, the Court overrules Leibel's Objection and adopts the R&R in full.

I.  **REPORT AND RECOMMENDATION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus de novo because Leibel filed her Objection. (ECF No. 17.)

Judge Albregts recommends dismissing the TAC without leave to amend because Leibel still has not sufficiently pled sufficient facts to support her claims, despite having submitted four complaints to the Court. (ECF No. 16 at 3-4.) Specifically, he noted that

the TAC does not "explain how Defendants discriminated against her on the basis of her race by firing her from her law library job to support her Fourteenth Amendment discrimination claim," "identify how her First Amendment rights were chilled by Defendant's actions regarding her job," nor "identify how Barlee's actions constituted official conduct, other than stating that during the hearing at which Barlee was appointed executor the judge noted that Barlee was employed as a police officer." (*Id.*) Given Leibel's numerous unsuccessful attempts to reassert her claims, Judge Albregts found that further amendment would be "futile." (*Id.* at 4.)

Leibel first objects to the R&R on the basis that it recharacterized her constitutional claim by "rephrasing and addressing only part of the claim." (ECF No. 17 at 2.) It is unclear to what claim she refers, as Judge Albregts addressed each of her claims. (ECF No. 16.) On the basis of the available information, the Court will infer that Leibel is referring to her Fourteenth Amendment Due Process Clause claim, which was not explicitly labelled when discussed in the R&R. (*Id.* at 3-4.) Leibel alleges the following with respect to her due process claim. Defendant Bartee mishandled being the executor of an estate—a position she received because she is a police officer—and did not take care of her sibling Chaya-Anna. (ECF No. 15 at 13.) Chaya-Anna needed medical attention and was suffering from "emotional distress, humiliation, harassment, and embarrassment" due to her father's death and her mother's imprisonment. (*Id.*) Bartee sold the house in which Chaya-Anna and her parents had lived to a neighbor who had testified against her mother, and then removed Chaya-Anna's belongings. (*Id.*) After four years without emotional or financial support, Chaya-Anna passed away in her car after suffering "physical and emotional distress under step-up class." (*Id.*)

The Court agrees with Judge Albregts that the TAC does not sufficiently plead a due process violation. Leibel is correct that parents possess a "Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). But, as the R&R identified, Leibel's failure to allege that Bartee was acting "under color of state law" is fatal to this claim. (ECF No. 16 at 3-

4.) *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (discussing 42 U.S.C. § 1983). Bartee was not on duty as a police officer when executing the estate. Nor is there any evidence that she purported or pretended to act under color of law, adopted a pretense of acting in the performance of her official police duties such that she influenced the behavior of others, or that the harm to Chaya-Anna "related in some meaningful way" to Bartee's governmental status or the performance of her duties. *Naffe v. Frey*, 789 F.3d 1030, 1037 (9th Cir. 2015). Bartee instead appears to have pursued "private goals via private actions." *Id.* On this ground alone, her Fourteenth Amendment due process claim may be properly dismissed.

Leibel next argues that her TAC[1] was actually a supplemental pleading, not an amended complaint. (ECF No. 17 at 1-2.) Leibel is correct that the TAC may be properly construed as a supplemental pleading because it adds allegations that occurred after the filing of the second amended complaint. (ECF No. 15 at 7-9.) *See* FED. R. CIV. PROC. 15(d) ("[A district court may,] on motion and reasonable notice . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); *Trendtex Fabrics, Ltd. v. NTKN, Inc.*, No. CV 22-00287 MWJS-KJM, 2024 WL 2701580, at *7 (D. Haw. May 23, 2024). But whether this is an amended or supplemental pleading is immaterial to the ultimate conclusion in the R&R: that Leibel has not stated a plausible claim for relief in her many pleadings and should not be granted leave to amend.

"The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Although "[t]he standard for granting leave to amend is generous," *id.*, "leave to amend is not to be granted automatically," *Jackson v.*

---

[1]The Court refers to this document as the TAC because it is titled "Third Amended Complaint." (ECF No. 15.) However, mislabeling a pleading as an amended complaint, rather than a supplemental pleading, is "immaterial." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998).

*Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); *accord Hall v. SeaWorld Ent., Inc.*, 747 F. App'x 449, 452 (9th Cir. 2018). Indeed, "the court's discretion to deny such leave is particularly broad where the plaintiff has previously amended its complaint," as Leibel has now done at least twice. *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quotation marks omitted).

Here, there is no evidence of bad faith, risk of prejudice, or undue delay; however, there have been previous amended and supplemental pleadings that indicate allowing further amendment may be futile. (ECF Nos. 9, 13, 15.) The deficiencies in Leibel's TAC could plausibly be cured by pleading additional facts. (ECF No. 16 at 3-4 (discussing missing information).) But despite having three, if not four, chances to assert her claims, "no claim that [Leibel] has asserted . . . is a claim upon which relief may be granted." *Ecological Rts. Found.*, 713 F.3d at 520. The Court thus finds that it would be "a waste of judicial resources" to continue allowing Leibel to file additional pleadings, which the Court then must screen. *Braunstein v. Villani*, No. 3:12-CV-00665-MMD, 2013 WL 1003627, at *2 (D. Nev. Mar. 12, 2013) (denying petitioner another opportunity to amend where he had filed three previous unsuccessful habeas petitions); *see also Williams v. Cnty. of Los Angeles*, No. CV 22-5798 PA (ASX), 2023 WL 2145559, at *5 (C.D. Cal. Jan. 21, 2023), *aff'd sub nom.*, No. 23-55155, 2024 WL 2862587 (9th Cir. June 6, 2024) (dismissing without leave to amend where "Plaintiffs were previously given leave to amend to supply new factual allegations, yet failed to do so"). Dismissal without leave to amend is appropriate. *See Ecological Rts. Found.*, 713 F.3d at 520.

As to the remaining portions of the R&R to which Leibel did not object, the Court adopts them because Judge Albregts did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003).

## II.    CONCLUSION

It is therefore ordered that Leibel's objection (ECF No. 17) to Judge Albregts' Report and Recommendation (ECF No. 16) is overruled.

It is further ordered that Judge Albregts' Report and Recommendation (ECF No.

16) is adopted in full.

It is further ordered that the Complaint is dismissed, in its entirety, without leave to amend.

The Clerk of Court is directed to enter judgment accordingly.

DATED THIS 25th Day of June 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE